UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CURRIE,

                Petitioner,

                                            CASE NO. 13-CV-10252

v.                                     HONORABLE AVERN COHN

LLOYD RAPELJE,

                Respondent.

_____/

**MEMORANDUM AND ORDER**
**GRANTING PETITIONER'S MOTION TO STAY (Doc. 12), HOLDING PETITION IN**
**ABEYANCE, AND ADMINISTRATIVELY CLOSING CASE**

I.

      This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner David Currie

("Petitioner") was convicted of assault with intent to murder, Mich. Comp. Laws §

750.83, carjacking, Mich. Comp. Laws § 750.529a(1), three counts of armed robbery,

Mich. Comp. Laws § 750.529, felon in possession of a firearm, Mich. Comp. Laws §

750.224f, and possession of a firearm during the commission of a felony, Mich. Comp.

Laws § 750.227b, following a jury trial in the Wayne County Circuit Court in 2007. He

was sentenced as a third habitual offender, Mich. Comp. Laws § 769.11, to concurrent

terms of 35 to 70 years imprisonment on the assault, carjacking, and armed robbery

convictions, a concurrent term of 5 to 10 years imprisonment on the felon in possession

conviction, and a consecutive term of two years imprisonment on the felony firearm

conviction. Petitioner raises claims concerning the sufficiency of the evidence, the

effectiveness of trial and appellate counsel, and the validity of his sentence.

Before the Court is Petitioner's motion to stay this case and hold his habeas petition in abeyance so that he can return to state court to exhaust his remedies as to an unexhausted legal claim concerning his sentence based upon the United States Supreme Court's recent decision in Alleyne v. United States, 570 U.S. __, 133 S. Ct. 2151 (2013).  The motion will be granted.

## II.

Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  28 U.S.C. § 2254(d).  The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition.  28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. O'Sullivan, 526 U.S. at 845.  The petitioner must have asserted both the factual and legal bases for the claims in the state courts.  McMeans, 228 F.3d at 681; see also Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing McMeans).  The claims must also be presented to the state courts as federal constitutional issues.  Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984).  For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir.

2

1990).  The burden is on the petitioner to prove exhaustion.  Rust, 17 F.3d at 160.

Here, Petitioner seeks a stay so that he may present a new legal claim to the state courts by filing a motion for relief from judgment pursuant to Michigan Court Rule 6.500 *et seq.* with the state trial court and then pursuing an appeal if necessary.  A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition.  Rhines v. Weber, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics.  Id. at 277.

Petitioner has shown the need for a stay.  His new sentencing claim is unexhausted and the one-year limitations period applicable to federal habeas actions could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies.  See 28 U.S.C. § 2244(d)(1).  Additionally, given that the claim is based upon a new Supreme Court decision, Petitioner has shown good cause for failing to previously present it to the state courts.  The Court further finds that the unexhausted claim does not appear to be plainly meritless and there is no evidence of intentional delay.  Petitioner's unexhausted claim should be addressed to, and considered by, the Michigan courts in the first instance.  Therefore, proceedings will be stayed and the Court will hold the petition in abeyance pending his completion of that process.

3

III.

Accordingly, Petitioner's motion to stay the proceedings is GRANTED.  The case is stayed and the petition is held in abeyance.  The stay is conditioned on Petitioner presenting his unexhausted claim to the state courts within 60 days of this order by filing a motion for relief from judgment with the trial court.  Hill v. Anderson, 300 F.3d 679, 683 (6th Cir. 2002).  The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within 60 days after fully exhausting state court remedies.  Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001)).  Should Petitioner fail to comply with these conditions, his case may be dismissed.  Finally, this case is CLOSED for administrative purposes pending compliance with these conditions.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  October 9, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 9, 2013, by electronic and/or ordinary mail.


 S/Sakne Chami
Case Manager, (313) 234-5160

4